IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. CHALFANTE, )
)
        Plaintiff, )
)
v. )
) Civil Action No. 11-18J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of February, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 17) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 15) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed his DIB and SSI applications on April 3, 2008, alleging disability as of August 15, 2007, due to seizures, high blood pressure, dyslexia and depression. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on March 25, 2010. On April 23, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on November 24, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has an eleventh grade education, was 20 years old on his alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has no past relevant work, and he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing

AO 72
(Rev. 8/82)

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that he is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of epilepsy, complex partial seizures, headaches and major depressive disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff must avoid climbing ladders, ropes or scaffolds, he must avoid exposure to hazardous conditions, such as dangerous machinery or unprotected heights, and he also must avoid exposure to extreme heat or cold, vibration and pulmonary irritants such as fumes, odors, dusts or gases. In addition, he is limited to simple, routine tasks that are not performed in a production rate or quota based environment and that involve only simple, short instructions, simple work-related decisions and few work place changes. Finally, plaintiff is limited to only occasional interaction with the public, co-workers and supervisors (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable him to perform work that exists in significant numbers in the national economy, such as a laundry folder, hand packer, office cleaner or sorter.

Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must

%AO 72
(Rev. 8/82)

determine whether the claimant's impairments meet or equal one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. <u>Id.</u> at 120 n.2. However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. <u>Burnett</u>, 220 F.2d at 119.

Here, plaintiff argues the ALJ erred in failing to find that he meets or equals listing 11.02 (convulsive epilepsy), 11.03 (non-convulsive epilepsy), 12.04 (affective disorders) or 12.06 (anxiety related disorders). Although plaintiff broadly claims that he meets or equals one or more of these listings, he has failed to demonstrate that the medical evidence of record substantiates his position.

Contrary to plaintiff's contention, a review of the record establishes that the ALJ employed the appropriate analysis in

arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from epilepsy, complex partial seizures, headaches and major depressive disorder, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination,[1] do not meet or equal any listed impairment. The ALJ's decision indicates that he considered listings under sections 11.00 and 12.00, but he found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 11). The ALJ then explained why plaintiff's impairments do not meet or equal any listing. (R. 11-13).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet or equal a listing. First, to meet or equal a listing under section 11.00, the introductory material to that section requires at least one detailed description of a typical seizure, including the presence or absence of aura, tongue bites, sphincter control, injuries associated with the attack and postictal phenomena. See Appendix 1, §11.00A. Here, plaintiff has not cited any medical evidence to establish that these factors are present in this case.

Further, listing 11.02 more specifically requires, inter

---

[1] Plaintiff suggests that the ALJ failed to consider his impairments in combination in determining that he is not disabled. See Plaintiff's Brief in Support of Motion for Summary Judgment (Document No. 16), at 10. Plaintiff is incorrect. In connection with the ALJ's step 3 finding, he explained that even when considered in combination, plaintiff's severe impairments do not meet or equal any listing. (R. 11). Further, the ALJ's detailed decision makes clear that he considered all of plaintiff's impairments in combination in assessing his residual functional capacity. (R. 14-17).

- 6 -

<u>alia</u>, detailed description of a seizure pattern including all associated phenomena that occur more than once per month, in spite of at least three months of prescribed treatment. Listing 11.03, which addresses less severe seizures, also requires detailed description of a typical seizure pattern, including all associated phenomena that occur more frequently than once per week in spite of at least three months of prescribed treatment. The ALJ correctly noted that plaintiff's condition does not meet these requirements because his seizures have been well-controlled with medication and they have reduced in frequency such that he experienced episodes once every two or three months. (R. 12, 367, 438, 440, 468, 471).

The ALJ also correctly determined that plaintiff does not meet or equal any listing under section 12.00 relating to mental impairments. In order to meet or equal listing 12.04 and/or 12.06 as plaintiff alleges, his condition must satisfy the paragraph "B" criteria of those listings by resulting in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence or pace; or (4) repeated episodes of decompensation, each of extended duration. See Appendix 1, §§12.04B, 12.06B. The ALJ's finding that plaintiff does not satisfy the paragraph "B" criteria because he has mild limitations in activities of daily living, moderate limitations in social functioning, moderate limitations in concentration, persistence or pace and no episodes of

AO 72
(Rev. 8/82)

decompensation is supported by substantial evidence for the reasons thoroughly explained in his decision. (R. 12-13).

Finally, the court notes that no medical source of record found that plaintiff's impairments meet or equal any listing.[2] For this reason, as well as those discussed above, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

---

[2]Regarding the medical opinion evidence, plaintiff claims the ALJ gave inadequate weight to the opinion of Dr. Charles Kennedy, who performed a consultative psychological examination of plaintiff, and also disregarded treatment notes from his counselor, Deb Erickson. See Plaintiff's Brief at 7-9. As already stated, neither Dr. Kennedy nor Ms. Erickson concluded that plaintiff's impairments meet or equal a listing or otherwise indicated that he is incapable of performing work that exists in the national economy. Further, the ALJ noted that Dr. Kennedy's opinion that plaintiff had only moderate difficulties in social and occupational functioning was consistent with the record as a whole and found it to be persuasive. (R. 17, 411). Thus, the ALJ properly considered and weighed Dr. Kennedy's opinion in finding plaintiff not disabled.

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901